1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Robert B. Norum, Esq., SBN 240301
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
   Tel: (949) 477-5050; Fax: (949) 477-9200
5  bnorum@wrightlegal.net
6
7  Attorneys for Defendant,
   WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO
8  BANK, N.A. (erroneously sued and served as "WELLS FARGO HOME
9  MORTGAGE, an entity form unknown")

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  KEITH BOHR and ELIZABETH          )  Case No: SACV 11-00369 JST
14  PROPP,                            )  (MLGx)
                                      )
15          Plaintiffs,               )  HON. JOSEPHINE STATON
16                                    )  TUCKER
                                      )
17     vs.                            )
                                      )  **NOTICE OF MOTION AND**
18  WELLS FARGO HOME                  )  **MOTION TO DISMISS**
19  MORTGAGE, an entity form unknown, )  **PLAINTIFFS' COMPLAINT FOR**
    and FIDELITY NATIONAL TITLE       )  **FAILURE TO STATE A CLAIM**
20  INS. CO., a business organization form )  **UPON WHICH RELIEF CAN BE**
21  unknown, and Does 1 to 100, inclusive, )  **GRANTED; MEMORANDUM OF**
                                      )  **POINTS AND AUTHORITIES IN**
22          Defendants.               )  **SUPPORT THEREOF**
                                      )
23                                    )
24                                    )  **[FRCP Rule 12(b)(6)]**
                                      )
25                                    )  Hearing:
26                                    )  Date:   May 2, 2011
                                      )  Time:   10:00 a.m.
27                                    )  Ctrm:   10A
28                                    )

─────────────────────────────────────────────────

                          1
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on May 2, 2011, at 10:00 a.m. in Courtroom 10A of the above Court, located at 312 North Spring Street, Los Angeles, California, Defendant WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. (erroneously sued and served as "WELLS FARGO HOME MORTGAGE, an entity form unknown") ("Wells Fargo") will move this Court for an Order dismissing them from the Complaint of Plaintiffs KEITH BOHR and ELIZABETH PROPP ("Plaintiffs"), pursuant to the *Federal Rules of Civil Procedure* ("FRCP"), Rule 12(b)(6), for the failure to state a claim upon which relief can be granted.

This motion will be brought on the grounds that, after reviewing the non-conclusive allegations of the Complaint, Plaintiffs have failed to plead essential facts which give rise to their claims and/or the claims are barred (1) on their face and/or (2) as a result of matters which may properly be judicially noticed by the Court.

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities set forth below, the Request for Judicial Notice filed concurrently herewith, the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

On February 4, 2011, prior to the removal of this action to this Court, the Superior Court of California for the County of Orange issued a 90 Day Stay Order, which stayed the litigation in State Court and ordered the parties to this action to participate in a mandatory Loan Modification Mediation Program. Due to the removal of this action, however, Defendant Wells Fargo believes the State Court's 90 Day Stay Order is now moot.

///

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1       Counsel for Wells Fargo tried diligently, yet unsuccessfully, to engage

2   Plaintiffs' counsel in a meaningful meet and confer prior to filing this necessary

3   Motion, in accordance with L.R. 7-3.   However, despite agreeing to meet

4   telephonically on the afternoon of Tuesday, March 15, 2011 and thereafter on

5   Monday, March 21, 2011, Plaintiffs' counsel was inexplicably "unavailable" on

6   the both days when counsel for Wells Fargo called.

7

8                       Respectfully submitted,

9                       WRIGHT, FINLAY & ZAK, LLP

10  Dated:   April 4, 2011      By:    /s/T. Robert Finlay

11                       T. Robert Finlay, Esq.

                            Robert B. Norum, Esq.

12                       Attorneys for Defendant, WELLS FARGO

13                       HOME MORTGAGE, A DIVISION OF

                            WELLS FARGO BANK, N.A. (erroneously

14                       sued and served as "WELLS FARGO

15                       HOME MORTGAGE, an entity form

16                       unknown")

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1
2
3

# **TABLE OF CONTENTS**

| | | Page No. |
|---|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | | 4 |
| I. | INTRODUCTION | 4 |
| II. | STATEMENT OF FACTS | 5 |
| III. | DISCUSSION | 7 |
| A. | The Standards to be Applied to a Motion to Dismiss | 7 |
| B. | Plaintiffs' Complaint Fails to State A Claim Upon Which Relief Can be Granted | 9 |
| | 1. Plaintiffs' *Civil Code* §2923.5 Claim Fails | 9 |
| | a. Plaintiffs' §2923.5 Claim is Preempted by Federal Law | 11 |
| | b. The California Appellate Court decision *Mabry v. Superior Court* is Non-Binding and Has been Effectively Challenged within the Ninth Circuit | 14 |
| | 2. Plaintiffs' *Civil Code* §2923.6 Claim Fails | 16 |
| | 3. Plaintiffs' *Business & Professions Code* §17200 Claim Fails | 17 |
| | 4. Plaintiffs' Claim for Injunctive Relief Fails | 19 |
| IV. | CONCLUSION | 20 |

i

1

2

# **TABLE OF AUTHORITIES**

3

**Page No.**

**Cases**

4

5

*Acosta v. Wells Fargo Bank, N.A.*
  (N.D.Cal.,2010) 2010 WL 2077209, at *6-9     12

6

7

*Aron v. U-Haul Co. of California*, 49 Cal. Rptr. 3d 555, 562 (2006)   18

8

*Ashcroft v. Iqbal,* 565 US __, 129 S.Ct. 1937, 1953 (2009)     8

9

10

*Balistreri v. Pacifica Police Department,*
  901 F.2d 696, 699 (9th Cir. 1990)     7

11

12

*Bank of America v. City and County of S.F.,*
  309 F.3d 551, 561 (9th Cir.2002)     12

13

14

*Bardin v. Daimlerchrysler Corp.*, 39 Cal.Rptr.3d 634, 636 (2006)   18

15

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)   7,8

16

17

*Biggins v. Wells Fargo & Co.* (N.D.Cal.,2009) 266 F.R.D. 399, 417   17

18

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
  973 P.2d 527, 540 (1999)     17

19

20

*Clegg v. Cult Awareness Network,*
  18 F.3d. 752, 754-55 (9th Cir. 1994)     8

21

22

*Conder v. Home Savings of America*
  (C.D.Cal.,2010) 680 F.Supp.2d 1168, 1176     17

23

24

*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)     7

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987).   9

*Estate of Blue v. County of Los Angeles*,
        120 F.3d 982, 984 (9th Cir. 1997)   9

*Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) 12

*Giordano v. Wachovia Mortgage, FSB*
        (N.D. Cal. Dec. 14, 2010) Slip Copy,
        2010 WL 5148428, at *2-5   15

*Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)   7

*Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619,
        17 Cal.Rptr.2d 708 (1993)   18

*McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987)   7

*Mabry v. Superior Court* (App. 4 Dist. 2010)
        185 Cal.App.4th 208, 232   10,14,16

*Major v. Miraverde Homeowners Ass'n. Inc.*
        (1992) 7 Cal. App. 4th 618   19

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)   8

*Murillo v. Aurora Loan Servs., LLC*
        (N.D.Cal.,2009) 2009 WL 2160579, at *4   13

*Nationsbank of N.C., N.A. v. Variable Annuity Life Ins. Co.*,
        513 U.S. 251, 256 (1995)   11

*Ngoc Nguyen v. Wells Fargo Bank, N.A.*
        (N.D.Cal.,2010) --- F.Supp.2d ----, 2010 WL 4348127, at *10   13,14

*Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1052 (E.D.Cal.2009)   16

*Odinma v. Aurora Loan Servs.*
  (N.D.Cal.,2010) 2010 WL 1199886, at *8     13

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F.Supp.2d 1177, 1188 (N.D.Cal.2009)    16

*Parcray v. Shea Mortg., Inc.* (E.D.Cal.,2010)
  2010 WL 1659369, at *9        13

*Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir.1998)  9

*Pinales v. Quality Loan Serv. Corp.*
  (S.D.Cal.,2010) 2010 U.S. Dist. LEXIS 100079, at *8-9 13

*Puentes v. Wells Fargo Home Mortg., Inc.,\*
  72 Cal. Rptr.3d 903, 909 (2008)      18

*Quinteros v. Aurora Loan Services*
  (E.D.Cal.2010) 2010 WL 3817541     16

*Robertson v. Dean Witter Reynolds, Inc.,*
  749 F.2d 530, 533-534 (9th Cir. 1984)    7

*Rosenfeld v. JPMorgan Chase Bank, N.A.* (N.D.Cal.2010)
  732 F.Supp.2d 952, 962        10

*Ruiz v. Gap, Inc.* (2008) 540 F.Supp.2d 1121, 1127  18

*Runaj v. Wells Fargo Bank,*
  667 F.Supp.2d 1199, 1207 (S.D.Cal.2009)   16

*Scripps Clinic v. Superior Court,* 134 Cal. Rptr. 2d 101, 116 (2003) 18

*Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,*
  245 F.2d 67, 70 (9th Cir. 1956)      8

*Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir. 1986) 7

*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168     19

*Silvas v. E\*Trade Mortg. Corp.*
    (C.A.9 (Cal.),2008) 514 F.3d 1001, 1005     15

*Simmons v. Peavy-Welsh Lumber Co.*
    113 F.2d 812, 813 (5th Cir. 1940)     7

*Smith v. State Farm Mut. Auto. Ins. Co.,*
    113 Cal. Rptr. 2d 399, 415 (2001)     18

*Student Loan Mktg. Ass'n,* 181 F.R.D 629, 639 (S.D. Cal. 1998)     7

*Sumner Peck Ranch v. Bureau of Reclamation,*
    823 F.Supp. 715, 720 (E.D. Cal. 1993)     9

*Taguinod v. World Sav. Bank, FSB*
    (C.D.Cal.,2010) --- F.Supp.2d ----, 2010 WL 5185845, at \*2-4     13,15,17

*United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003)     9

*Wachovia Bank, N.A. v. Burke,* 414 F.3d 305, 312 (2d Cir.2005)     12

*Watters v. Wachovia Bank, N.A.,* 550 U.S. 1, 11 (2007)     12

*Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981)     8

**Other Authorities**

69 Fed. Reg. 1904, at 1912 n.62     19

Civil Code §2923.5, HISTORICAL AND STATUTORY NOTES,
    Letter from author of Senate Bill 1137, Don Perata     10

12 C.F.R. §34.4(a)     11,12

12 C.F.R. § 34.4(a)(10)     12

12 C.F.R. §34.4(b) subsection (9)     16

12 U.S.C. §24 (Seventh)     11

12 U.S.C. §371(a)     11

12 U.S.C. §93a     12

12 U.S.C. § 1464(b)(10)     12

*FRCP* Rule 8(a)(2)     7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The economic downturn of the past few years has forced uncountable homeowners nationwide to reconcile their dreams of home ownership with the cold, hard realities of their financial ability to remain current with their debt obligations.  While many borrowers have confronted indescribable hardships and have fallen behind on their home loan payments due to the costs of caring for ill or disabled family members or have lost their employment and taken on multiple low-paying jobs to scrape by after being unable to find work within their vocational field, plaintiffs here—a local politician and his wife—filed the present lawsuit as part of an orchestrated and publicized effort to obtain better terms for their multi-million-dollar refinance loan.

In fact, Plaintiffs have publicly announced their <u>intentional and strategic default</u>, which was not due to their inability to make monthly payments, but because Plaintiffs' want to force Wells Fargo to renegotiate their loan.  In a written public statement from Plaintiff Keith Bohr, Huntington Beach City Councilman, published in the March 7, 2011 Huntington Homes section of the Orange County Register, Mr. Bohr states:

> After many months of little real progress I was informed by several people in the business and a couple of Wells employees that ***Wells will not truly negotiate as long as my loan is current. So, I then stopped making my payments in the later part of 2010*** and sure enough we started making some good progress, but have not yet successfully obtained a loan mod. Please note we are not looking for principal reduction or any forgiveness of any deliquent [*sic*] payments, we are just looking for a market interest rate and new 30 year term.[1]

///

-4-

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Furthermore, Plaintiff's public statements evidence the abuse of process currently underway with this pending lawsuit. Plaintiff admits Wells Fargo's compliance with the non-judicial foreclosure requirements upon which he now sues—"negotiations seemed to stall and Wells began the foreclosure process so we initiated litigation for lack of proper notice and process."[2]

Plaintiffs are not the "defaulted" borrowers that the state and federal governments had in mind when enacting the various foreclosure prevention laws over the past few. Nevertheless, Wells Fargo complied with the necessary statutory requirements by discussing foreclosure alternatives and is not obligated to modify Plaintiffs' loan under any State or Federal authority. Moreover, Plaintiffs' legal theories fail as a matter of law. Specifically, the statutes establishing the entire basis of Plaintiffs' Complaint—*Civil Code* §§ 2923.5 and 2923.6—are preempted by Federal law.

Anything short of a swift and conclusive dismissal of this action with prejudice would be a generous and unwarranted gift to Plaintiffs, who publicly flaunt their rent- and mortgage-free lifestyle in their multi-million dollar estate, and, moreover, a commendation for their abuse of the judicial process. Therefore, Wells Fargo's respectfully requests that this Court grant its Motion to Dismiss in its entirety without leave to amend.

## II.   STATEMENT OF FACTS

On December 19, 2006, Plaintiffs KEITH BOHR and ELIZABETH PROPP (collectively, "Plaintiffs") borrowed $2,00,000.00 from Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") to refinance the subject real property located at 18602 Quarterhorse Lane, Huntington Beach, California 92648 (the

---

[1] *See* Article entitled "Councilman: Why I stopped paying my mortgage" from the May 7, 2011 Orange County Register online Business section ("Bohr Article"), Exhibit "1" to the Request for Judicial Notice ("RJN") filed concurrently herewith.
[2] *See* Bohr Article, Exhibit "1" to the RJN.

-5-

"Property").[3]  The loan was secured by a deed of trust to the Property ("Deed of Trust").[4]

In early 2010, although current on their loan payments, Plaintiffs began discussions with Wells Fargo to obtain a loan modification because Plaintiffs were disappointed about the depreciation in the Property's value relative to the outstanding balance owed on their loan.[5]  When Plaintiffs became dissatisfied with the lack of progress in the loan modification negotiations, Plaintiffs **_intentionally_** "stopped making [their] payments in the later part of 2010" to force Wells Fargo to "truly negotiate" a modification.[6]  The modification discussions continued, but when the "negotiations seemed to stall" and Wells Fargo thereafter initiated a non-judicial foreclosure based on Plaintiffs' default,[7] Plaintiffs filed the present action on February 3, 2011, alleging, among other claims, that Wells Fargo failed to discuss alternatives as required by *Civil Code* §2923.5 – despite the fact that Plaintiffs admit they are in loan modification discussions with Wells Fargo.[8]

Plaintiffs' Complaint seeks an order cancelling the pending sale and modifying their loan; and asserts causes of action for (1) Violation of *Business & Professions Code* §17200; (2) Violation of *Civil Code* §2923.6; (3) Violation of *Civil Code* §2923.5; and (4) Injunctive Relief.  On February 4, 2011, due to Plaintiffs' allegations of violation of *Civil Code* §2923.5, the Superior Court issued a 90 Day Stay Order as part of its foreclosure mediation program, thereby staying the litigation and ordering the parties to participate in a mandatory loan modification settlement conference.

On March 4, 2011, Wells Fargo removed the action to this Court.

---

[3] *See* Complaint, ¶ 19; see also, Deed of Trust, Exhibit "2" to the RJN.
[4] *See* Deed of Trust, Exhibit "2" to the RJN.
[5] *See* Bohr Article, Exhibit "1" to the RJN.
[6] *See* Bohr Article, Exhibit "1" to the RJN.
[7] *See* Notice of Default and Notice of Trustee's Sale, Exhibits "3" and "4" to the RJN.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   DISCUSSION

**A.**   <u>**The Standards to be Applied to a Motion to Dismiss.**</u>

It is well-established that a complaint may be dismissed pursuant to FRCP Rule 12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle him to relief.[9]   Specifically, even though a "short and plain statement" of the claim must be alleged,[10] a complaint may be dismissed as a matter of law under FRCP Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim.[11] In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level"[12] and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged.[13] Courts should dismiss any claim "that fails to plead sufficiently all required elements of a cause of action."[14]

Also, where allegations in pleadings and the exhibits thereto conflict, the exhibits control,[15] while a court may not "supply essential allegations of the claim that were not initially pled."[16]   Further, when ruling on a motion to dismiss, all well-pled facts in the complaint are deemed true,[17] however conclusory allegations are disregarded.[18]   The United States Supreme Court has stated that "formulaic

---

[8] *See* Bohr Article, Exhibit "1" to the RJN.
[9] *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).
[10] *FRCP* Rule 8(a)(2).
[11] *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); *see* generally *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).
[12] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).
[13] *Id.*
[14] *Student Loan Mktg. Ass'n*, 181 F.R.D 629, 639 (S.D. Cal. 1998)
[15] *Simmons v. Peavy-Welsh Lumber Co.* 113 F.2d 812, 813 (5th Cir. 1940).
[16] *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).
[17] *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir. 1986).
[18] *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).

-7-

recitation of the elements of a cause of action will not suffice."[19] <u>A plaintiff</u> <u>cannot avoid this bar by clothing legal conclusions in the guise of facts to take</u> <u>advantage of the liberality with which courts otherwise view pleadings.</u>[20]

Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim unsubstantiated by transparent fact.[21]  In fact, while Courts consider facts in the complaint as true on a motion to dismiss, they do no "assume the truth of legal conclusions merely because they are in the form of factual allegations."[22] In May 2009, the United States Supreme Court, *in Ashcroft v. Iqbal*, admonished that FRCP Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." [23] The Court made clear that "threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss.[24]

Further, "the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[25]  Finally, the court does not have to accept alleged facts as true, when they contradict matters subject to judicial notice.[26]

A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."[27]  A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion

---

[19] *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  See also *Ashcroft v. Iqbal,* 565 US __, 129 S.Ct. 1937, 1953 (2009) (holding that *Twombly* applies in all cases, not just antitrust).
[20] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (Emphasis added).
[21] *Id.*
[22] *Id.*
[23] *Ashcroft, supra at* 1949.
[24] *Id.* at 1950.
[25] *Clegg v. Cult Awareness Network,* 18 F.3d. 752, 754-55 (9th Cir. 1994)
[26] *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956).
[27] *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

-8-

to dismiss under Rule 12(b)(6)."[28]   Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based."[29]   A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint."[30]   Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action."[31]

## B.    Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can be Granted.

Plaintiffs' Complaint contains three legal theories:[32]

1.   *Civil Code* §2923.5 – Wells Fargo failed to reach out to Plaintiffs as required by *Civil Code* §2923.5 and interpreted in the *Mabry* case to discuss foreclosure alternatives;

2.   *Civil Code* §2923.6 – Wells Fargo is required by *Civil Code* §2923.6 to give Plaintiffs a loan modification; and

3.   *Business & Professions Code* §17200 – Wells Fargo failed to inform Plaintiffs whether their application for a loan modification has been accepted or rejected.

For the reasons set forth below, Plaintiffs' claims are legally and factually insufficient to maintain a valid claim.

### 1.    *Plaintiffs' Civil Code §2923.5 Claim Fails.*

Plaintiffs' allegations of violation of *Civil Code* §2923.5 fail to establish a valid claim against Wells Fargo because §2923.5 is preempted by federal law and because Wells Fargo clearly <u>did</u> comply with the statutory requirements of §2923.5, as admitted by Plaintiff Keith Bohr in his declaration in support of his

---

[28] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).
[29] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998).
[30] *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).
[31] *Sears, supra at* 70; *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).
[32] The fourth cause of action injunction is a catch-all of the first three causes of action.

-9-

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Temporary Restraining Order application and in a very candid and detailed statement published in the Orange County Register on May 7, 2011.[33]

Senate Bill 1137, which added §2923.5 to the *Civil Code*, was approved by the California Legislature and signed by the Governor "to respond to the ongoing crisis in residential mortgage defaults and foreclosures in California."[34] Substantively, §2923.5 requires only that a mortgagee, beneficiary, or authorized agent communicate with a delinquent borrower prior to recording a notice of default in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. In fact, very little is required of a loan servicer. The seminal *Mabry* case laid out what is specifically required to satisfy §2923.5:

> [A]ny "assessment" must necessarily be simple-something on the order of, "why can't you make your payments?" The statute cannot require the lender to consider a whole new loan application or take detailed loan application information over the phone. (Or, as is unlikely, in person.) . . . Exploration must necessarily be limited to merely telling the borrower the traditional ways that foreclosure can be avoided (e.g., deeds "in lieu," workouts, or short sales), as distinct from requiring the lender to engage in a process that would be functionally indistinguishable from taking a loan application in the first place.[35]

Furthermore, as recently held in the similar case of *Rosenfeld v. JPMorgan Chase Bank, N.A.*, **a servicer complies with §2923.5 by discussing a loan modification with the borrower prior to initiating foreclosure**, even though no modification is ultimately offered.[36]

In this case, Plaintiffs admit in Mr. Bohr's Declaration submitted to the Court and signed under penalty of perjury, that he "applied for a loan modification in December 2010," and that, as of February 2, 2011, he had not received a

---

[33] *See* Bohr Article, Exhibit "1" to the RJN.
[34] *See* annotations to Civil Code §2923.5, HISTORICAL AND STATUTORY NOTES, Letter from author of Senate Bill 1137, Don Perata.
[35] *Mabry v. Superior Court* (App. 4 Dist. 2010) 185 Cal.App.4th 208, 232, review denied.
[36] *Rosenfeld v. JPMorgan Chase Bank, N.A.* (N.D.Cal.2010) 732 F.Supp.2d 952, 962.

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1   response yet.[37]   Furthermore, in Mr. Bohr's public statement, he admits that after
2   Plaintiffs stopped making their payments, they "started making some good
3   progress" with Wells Fargo toward a loan modification, but thereafter,
4   "negotiations seemed to stall and Wells began the foreclosure process so we
5   initiated litigation for lack of proper notice and process."[38]

6       The mere fact that Plaintiffs applied for a loan modification satisfies the
7   *Mabry* and *Rosenfeld* courts' interpretation of §2923.5. As a result, Plaintiffs
8   cannot maintain their cause of action for violation of §2923.5.

9           a.   Plaintiffs' §2923.5 Claim is Preempted by Federal Law.

10      Wells Fargo, the servicer and beneficiary of the Deed of Trust, is a National
11  Association, and thus a financial institution chartered and regulated by the Office
12  of the Comptroller of the Currency ("OCC"). As such, Wells Fargo and the Deed
13  of Trust are subject to a comprehensive scheme of federal regulations which
14  preempt any state law purporting to regulate the same activities.[39]

15      Here, Plaintiffs' action for violation of *Civil Code* §2923.5 is preempted by
16  the National Bank Act, 12 U.S.C. §21 et seq. (the "NBA"), and its associated
17  regulations promulgated by the OCC. The NBA vests national banks, such as
18  Wells Fargo, with authority to exercise "all such incidental powers as shall be
19  necessary to carry on the business of banking."[40] Real estate lending matters are
20  expressly designated as part of the business of banking.[41]

21      As the agency charged with administering the NBA, the OCC has the
22  primary responsibility for the surveillance of the "business of banking" authorized
23  by the NBA.[42] To carry out this responsibility, the OCC has the power to

24

---

25  [37] Declaration of Mr. Bohr submitted in support of his Application for a TRO in State Court, p.
26      10, ¶¶ 4, 5, attached to the RJN as Exhibit "5."
      [38] Bohr Article, RJN, Exhibit "1."
27  [39] 12 C.F.R. §34.4(a).
      [40] 12 U.S.C. §24 (Seventh).
28  [41] 12 U.S.C. §371(a).
      [42] *Nationsbank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 256 (1995).

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

promulgate regulations and to use its rulemaking authority to define the "incidental powers" of national banks beyond those specifically enumerated in the statute.[43] OCC regulations possess the same preemptive effect as the NBA itself.[44] The Act (and OCC regulations thereunder) does not "preempt the field" of banking. "Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the [NBA]."[45]

However, as set forth in the NBA, state laws that "obstruct, impair, or condition a national bank's ability to fully exercise its federally authorized real estate lending powers" are preempted.[46] Specifically, under the NBA, a national bank may exercise its federally authorized powers "without regard to state law limitations concerning . . . [p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages".[47] In requiring national association lenders, their servicing arms, or beneficiary interest holders to communicate with borrowers facing foreclosure and include a specific declaration in the Notice of Default, §2923.5 constitutes a state law that obstructs, impairs, or conditions a national bank's lending and servicing activities.

For this very reason, district courts within the Ninth Circuit have held that §2923.5 is preempted by the NBA.[48] In *Acosta v. Wells Fargo Bank, N.A.,*

---

[43] *See* 12 U.S.C. §93a (authorizing the OCC "to prescribe rules and regulations to carry out the responsibilities of the office"); *Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 312 (2d Cir.2005).

[44] See *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).

[45] *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 11 (2007) (citations omitted).

[46] 12 C.F.R. §34.4(a)(emphasis added); see *Watters*, 550 U.S. at 13 ("[b]eyond genuine dispute, state law may not significantly burden a national bank's own exercise of its real estate lending power...."); *Bank of America v. City and County of S.F.*, 309 F.3d 551, 561 (9th Cir.2002) ("[s]tate attempts to control the conduct of national banks are void if they conflict with federal law, frustrate the purposes of the National Bank Act, or impair the efficiency of national banks to discharge their duties." (citation omitted)).

[47] 12 C.F.R. § 34.4(a)(10)(emphasis added).

[48] See *Acosta v. Wells Fargo Bank, N.A.* (N.D.Cal.,2010) 2010 WL 2077209, at *6-9.

---

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

plaintiff borrower filed suit against Wells Fargo Bank, N.A. (among others) and sought a preliminary injunction to prevent defendants from foreclosing on her home based on an alleged violation of §2923.5.[49]  Relying on other California district court rulings that the Home Owners' Loan Act ("HOLA"), as applied to Federal Savings Associations, preempts §2923.5, the Court held that the NBA, which contains "nearly identical language" to HOLA, must also preempt §2923.5.[50]

Pursuant to HOLA, "the types of state laws preempted by . . . this section include, without limitation, state laws purporting to impose requirements regarding . . . **[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.**"[51]   Since HOLA's preemption language is identical to that contained in the NBA (at 12 C.F.R. § 34.4(a)(10)), the *Acosta* court determined that §2923.5 was equally preempted by the NBA.[52]

Moreover, California district court rulings that HOLA preempts §2923.5 claims are plentiful.[53]   Additionally, the Federal Register states:

> The extent of Federal regulation and supervision of Federal savings associations under the Home Owners' Loan Act is substantially the same as for national banks under the national banking laws, a fact that warrants similar conclusions about the applicability of state laws to the conduct of the Federally authorized activities of both types of

---

[49] *Id.*
[50] *Id.*
[51] 12 U.S.C. § 1464(b)(10)(emphasis added).
[52] See *Acosta*, (N.D.Cal.,2010) 2010 WL 2077209, at *6-9
[53] *Taguinod v. World Sav. Bank, FSB* (C.D.Cal.,2010) --- F.Supp.2d ----, 2010 WL 5185845, at *2-4; *see also Ngoc Nguyen v. Wells Fargo Bank, N.A.* (N.D.Cal.,2010) --- F.Supp.2d ----, 2010 WL 4348127, at *10 (holding that §2923.5 is preempted because it "falls squarely within the scope of HOLA's Section 560.2(b)(10), which deals with the '[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'"); *Parcray v. Shea Mortg., Inc.* (E.D.Cal.,2010) 2010 WL 1659369, at *9 (concluding that HOLA preempts Section 2923.5 because it "concerns the processing and servicing of [the plaintiff]'s mortgage"); *Odinma v. Aurora Loan Servs.* (N.D.Cal.,2010) 2010 WL 1199886, at *8; *Pinales v. Quality Loan Serv. Corp.* (S.D.Cal.,2010) 2010 U.S. Dist. LEXIS 100079, at *8-9; *Murillo v. Aurora Loan Servs., LLC* (N.D.Cal.,2009) 2009 WL 2160579, at *4.

-13-

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1    entities.[54]

2         Accordingly, preemption issues under the NBA demand the same treatment

3    as those under HOLA. And, with respect to HOLA:

4         [T]he statutory notice requirement [of §2923.5] imposes a state law
5         mandate about what information must be given to borrowers, and
         includes a strict time frame for doing so. Defendant would not be
6         subject to these requirements in other states. Therefore, Plaintiffs'
7         §2923.5 claim concerns the processing and servicing of Plaintiffs'
         mortgage and is preempted.[55]
8

9         To that end, Plaintiff's *Civil Code* §2923.5 claim is preempted under the

10   NBA. As such, this claim should be dismissed without leave to amend.

11        b.    The California Appellate Court decision *Mabry v. Superior*
                *Court* is Non-Binding and Has Been Effectively Challenged
12               within the Ninth Circuit.

13        Plaintiffs will presumably rely on California appellate court decision,

14   *Mabry v. Superior Court,* for the assertion that §2923.5 is not preempted by

15   HOLA, and thus not preempted by the NBA. *Mabry* states generally that §2923.5

16   is not preempted under HOLA because it can be construed narrowly to provide

17   only for additional time prior to foreclosure. Specifically, *Mabry* notes that the

18   process of foreclosure traditionally has been a matter of state real property law,

19   and goes on to state:

20        Given the traditional state control over mortgage foreclosure laws, it
21        is logical to conclude that if the Office of Thrift Supervision wanted to
         include foreclosure as within the preempted category of *loan*
22        *servicing*, it would have been explicit. Nothing prevented the office
         from simply adding the words "foreclosure of" to section
23        560.2(b)(10).[56]
24

25   ///

26

27   _____

28   [54] 69 Fed. Reg. 1904, at 1912 n.62.
     [55] *Ngoc Nguyen v. Wells Fargo Bank, N.A.* (N.D.Cal.,2010) --- F.Supp.2d ----, 2010 WL
     4384127, at *10 (citations and quotations omitted).
     [56] *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 231 (2010).

-14-

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1     However, *Mabry* **does not bind this Court**.  More importantly, district
2   courts within the Ninth Circuit, <u>including the Central District</u>, have expressly
3   challenged the *Mabry* decision as it applies to preemption of *Civil Code* §2923.5,
4   and have directly held that §2923.5 is indeed preempted.[57]

5     Further, in *Giordano v. Wachovia Mortgage, FSB*, the court stated that even
6   if it were to conclude, as suggested in *Mabry,* that foreclosure proceedings do not
7   fall within the preempted category of *loan servicing* under HOLA's
8   §560.2(b)(10), the court still would dismiss the claim as preempted.[58]

9     The court applied the analytical framework set forth by the Office of Thrift
10  Supervision and approved in *Silvas v. E\*Trade Mortg. Corp.* to determine whether
11  §2923.5 was preempted.[59]   After extensive analysis, the court concluded that
12  "even assuming the limited construction of §2923.5 proffered by *Mabry*, a state
13  statute that imposes additional disclosure and communications obligations upon a
14  lender prior to commencement of foreclosure proceedings is not "incidental" to
15  lending."[60]

16    Here, the same analytical analysis applies to the NBA since the Act, at 12
17  C.F.R. §34.4(b), includes nearly identical language to that under HOLA:

18      State laws on the following subjects are not inconsistent with the real
19      estate lending powers of national banks and apply to national banks **to**
        **the extent that they only incidentally affect the exercise of national**
20      **banks' real estate lending powers:**... 9) Any other law the effect of
21      which the OCC determines to be **incidental** to the real estate lending
        operations of national banks or otherwise consistent with the powers
22

23

----

24  [57] *Taguinod v. World Sav. Bank, FSB* (C.D.Cal.,2010) --- F.Supp.2d ----, 2010 WL 5185845, at
25  \*7 (C.D. Cal. Dec. 2, 2010) ("[o]nly one California state court has determined that §2923.5
    was not preempted... See *Mabry*...[however] it is evident that the overwhelming weight of
26  authority has held that a claim under §2923.5 is preempted")(internal citations and quotations
    omitted).
27  [58] *Giordano v. Wachovia Mortgage, FSB* (N.D. Cal. Dec. 14, 2010) Slip Copy, 2010 WL
    5148428, at \*2-5.
28  [59] *Silvas v. E\*Trade Mortg. Corp.* (C.A.9 (Cal.),2008) 514 F.3d 1001, 1005.
    [60] *Giordano* (N.D. Cal. Dec. 14, 2010) Slip Copy, 2010 WL 5148428, at \*2-5.

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1    and purposes set out in § 34.3(a).[61]

2    As stated best by the *Giordano* court, §2923.5 cannot be deemed merely

3    "incidental" to a national bank's lending operations because it clearly imposes

4    additional obligations upon a lender prior to commencement of foreclosure

5    proceedings.   Therefore, §2923.5 does not fall within the purview of non-

6    preempted state laws referenced in 12 C.F.R. §34.4(b) and Plaintiffs' §2923.5

7    claim is thus preempted by the NBA.  Accordingly, this claim should be dismissed

8    without leave to amend.

9    ### 2.   *Plaintiffs' Civil Code §2923.6 Claim Fails.*

10   Plaintiffs' second cause of action must be dismissed without leave to amend

11   because *Civil Code* §2923.6 <u>does not</u> create a private right of action, <u>does not</u>

12   impose any obligation or duty on a servicer to modify a loan, and is ***preempted*** by

13   federal law.

14   "[T]here is no private cause of action under Section 2923.6."[62]  Even the

15   *Mabry* Court concurred that §2923.6 "does not operate substantively. Section

16   2923.6 merely expresses the hope that lenders will offer loan modifications on

17   certain terms."[63]   Because §2923.6(a) is inapplicable, as it "applies only to

18   servicers and parties in a loan pool"; and §2923.6(b) "does not impose any duty

19   on Defendants"; Wells Fargo owes no duty to Plaintiffs under §2923.6, as

20   Plaintiffs do not and cannot allege they are the servicer or a party in the loan

21   pool.[64]

22   Moreover, to the extent §2923.6 could conceivably be construed to

23   establish a private right of action obligating a servicer to modify a loan, the statute

24

25   [61] 12 C.F.R. §34.4(b) subsection (9)(emphasis added).

26   [62] *Quinteros v. Aurora Loan Services* (E.D.Cal.2010) 2010 WL 3817541 (citing *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1052 (E.D.Cal.2009); *Runaj v. Wells Fargo Bank*, 667

27   F.Supp.2d 1199, 1207 (S.D.Cal.2009); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1188 (N.D.Cal.2009)).

28   [63] *Mabry v. Super. Ct. of Orange County* (2010) 185 Cal.App.4th 208, 211.
     [64] *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1188 (N.D.Cal.2009).

-16-

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1  would be preempted by federal law under the same analysis discussed above with
2  regard to §2923.5.   Section 2923.6 "directly implicates § 560(b)(10), which
3  preempts state laws relating to 'processing, origination, servicing, sale or purchase
4  of, or investment or participation in mortgages.'"[65]

5       As such, Plaintiffs are not entitled to a loan modification under §2923.6, nor
6  do Plaintiffs have a private right of action by which to force Wells Fargo to offer
7  them a modification on terms they desire, or offer any modification at all, for that
8  matter.   Therefore, Wells Fargo's Motion to Dismiss this claim should be
9  dismissed without leave to amend.

10       ***3.    Plaintiffs' Business & Professions Code §17200 Claim Fails.***

11       Plaintiffs' claim under *Business & Professions Code* §17200, California's
12  Unfair Competition Law ("UCL"), fails because it is fatally lacking in specific
13  factual allegations and is premised entirely on Plaintiffs' vague allegations of
14  violation of *Civil Code* §§ 2923.5 and 2923.6, both of which are preempted by
15  federal law, as discussed in detail above.   UCL claims premised on HOLA-
16  preempted claims are, themselves, invalid.[66]  Nevertheless, to the extent Plaintiffs'
17  UCL claim relies on allegations other than those under *Civil Code* §§ 2923.5 and
18  2923.6, the claim is still deficient.

19       The UCL "establishes three varieties of unfair competition—acts or
20  practices which are unlawful, or unfair, or fraudulent."[67]  What    constitutes    an
21  "unfair" act or practice has not been clearly defined by California Courts. "One
22  line defines 'unfair' as prohibiting conduct that is immoral, unethical, oppressive,
23  unscrupulous or substantially injurious to consumers and requires the court to
24  weigh the utility of the defendant's conduct against the gravity of the harm to the

---

[65] *Biggins v. Wells Fargo & Co.* (N.D.Cal.,2009) 266 F.R.D. 399, 417.
[66] See *Conder v. Home Savings of America* (C.D.Cal.,2010) 680 F.Supp.2d 1168, 1176; *Taguinod v. World Sav. Bank, FSB* (C.D.Cal.,2010) --- F.Supp.2d ----, 2010 WL 5185845, at *8; *Biggins v. Wells Fargo & Co.* (N.D.Cal.,2009) 266 F.R.D. 399, 417.
[67] *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 540 (1999).

-17-

1   alleged victim."[68]  "The other line of cases holds that the public policy which is a

2   predicate to a consumer unfair competition action under the 'unfair' prong . . .

3   must be tethered to specific constitutional, statutory, or regulatory provisions.'"[69]

4        "The term 'fraudulent' as used in section 17200 does not refer to the

5   common law tort of fraud but only requires a showing members of the public are

6   likely to be deceived."[70]  "Unless the challenged conduct 'targets a particular

7   disadvantaged or vulnerable group, it is judged by the effect it would have on a

8   reasonable consumer.'"[71]  Additionally, a plaintiff "must state with reasonable

9   particularity the facts supporting the statutory elements of the violation [under

10  17200]."[72]

11       Furthermore, under California law, damages or harm is an element of all

12  three types of business practices prohibited by statute, which include unlawful,

13  unfair, and fraudulent practices.[73]  Thus, a plaintiff must have suffered an injury in

14  fact and lost money or property as a result of such unfair competition.[74] Moreover,

15  prevailing plaintiffs under the UCL are generally limited to injunctive relief and

16  restitution (§17203),[75]  and they "may not receive damages, much less treble

17  damages, or attorney fees."[76]

18       Here, Plaintiffs fail to state any factual allegation sufficiently establishing a

19  UCL claim.  The alleged "illegal" and/or "unfair" acts of Wells Fargo consist

20

21  _____

22  [68] *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 113 Cal. Rptr. 2d 399, 415 (2001).
    [69] *Bardin v. Daimlerchrysler Corp.*, 39 Cal.Rptr.3d 634, 636 (2006) (citing *Scripps Clinic v.*

23  *Superior Court*, 134 Cal. Rptr. 2d 101, 116 (2003)).
    [70] *Puentes v. Wells Fargo Home Mortg., Inc.*,72 Cal. Rptr.3d 903, 909 (2008) (quotations

24  omitted).
    [71] *Puentes*,72 Cal. Rptr.3d at 909 (quoting *Aron v. U-Haul Co. of California*, 49 Cal. Rptr. 3d

25  555, 562 (2006)).
    [72] *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

26  [73] *Id.* at 979-980.
    [74] *Ruiz v. Gap, Inc.* (2008) 540 F.Supp.2d 1121, 1127.

27  [75] *Stewart*, 388 F.Supp.2d at 1144; see *Cel-Tech Communications, Inc. v. Los Angeles Cellular
    Telephone Co.* (1999) 20 Cal.4th 163, 179.

28  [76] *Cel-Tech Communications, Inc.*, 20 Cal.4th at 179 (citing *Bank of the West*, 2 Cal.4th at 1266).

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1  entirely of "not contacting Plaintiffs to advise whether they were denied for a loan
2  modification" and not contacting Plaintiffs "regarding their application for a home
3  loan modification".[77]   These vague allegations fall far short of establishing an
4  actionable claim under the UCL.  Furthermore, Plaintiffs' Complaint is devoid of
5  any clear allegation of damages as a result of any action by Wells Fargo.
6  Moreover, the Complaint fails to identify any action by Wells Fargo capable of
7  being enjoined under the UCL or any restitution sought.  As such, this claim fails
8  and should be dismissed without leave to amend.

9    **4.   *Plaintiffs' Claim for Injunctive Relief Fails.***

10      Plaintiffs' request for injunctive relief is not a recognized cause of action,
11  but merely a remedy.  "Injunctive relief is a remedy and not, in itself, a cause of
12  action, and a cause of action must exist before injunctive relief may be granted."[78]
13  Here, as discussed above, every other cause of action in the Complaint fails, as a
14  matter of law, as they are premised on statutes that are preempted by Federal law,
15  provide no private right of action, and/or are factually deficient.   Moreover,
16  Plaintiff Keith Bohr's public statements admit Wells Fargo's compliance with the
17  very statutes upon which Plaintiffs' Complaint is based.   Accordingly, Wells
18  Fargo's Motion to Dismiss should be granted without leave to amend.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26
27
28

---

[77] Complaint, ¶¶ 32, 33.
[78] *Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168; see also *Major v. Miraverde Homeowners Ass'n. Inc.* (1992) 7 Cal. App. 4th 618.

-19-

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.   CONCLUSION

As set forth above, each of Plaintiffs' claims fails because they are premised on statutes that are preempted by Federal law, provide no private right of action, and/or are factually deficient.  For these reasons, Wells Fargo's Motion to Dismiss should be granted without leave to amend.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:   April 4, 2011         By:   */s/T. Robert Finlay*
                                        T. Robert Finlay, Esq.
                                        Robert B. Norum, Esq.,
                                        Attorneys for Defendant,
                                        WELLS FARGO HOME MORTGAGE, A
                                        DIVISION OF WELLS FARGO BANK,
                                        N.A. (erroneously sued and served as
                                        "WELLS FARGO HOME MORTGAGE, an
                                        entity form unknown")

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On April 4, 2011, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Joseph R. Manning, Jr., Esq.
THE LAW OFFICES OF JOSEPH R. MANNING, JR.
A PROFESSIONAL CORPORATION
2010 Main Street, Suite 1080
Irvine, CA  92614
(949) 361-3232; FAC (866) 843-8308

Douglas W. Stern, Esq.
Southwest Regional Litigation Manager
FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National Title Group, Inc.
17911 Von Karman Ave., Suite 300
Irvine, CA 92614

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

-1-

[ ]  (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 608-9142, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated.  To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]  (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X]  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 4, 2011, at Newport Beach, California.

Gretchen Grant

-2-

PROOF OF SERVICE